GREGORIO LUGO, Petitioner, v. DISTRICT COURT OF MAYAGÜEZ, F. NAVARRO ORTIZ, JUDGE, Respondent.

No. 326. Argued July 10, 1939.—Decided July 21, 1939.

*Federico Tilén* and *J. Alemañy Sosa,* for the petitioner. The respondent did not appear.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

On October 25, 1937, an information was filed against the petitioner in the District Court of Mayagüez for the crime of carrying prohibited weapons. Another information was also filed against him for attempted homicide, both crimes being closely interrelated. The hearing of the case for carrying weapons was set for March 31, 1938, and on that date the accused, through his attorney, E. Báez García, requested that the case for carrying weapons be continued and heard together with the case for attempted homicide. The district attorney acceded and the court approved the stipulation between the defense and the district attorney.

On May 23, 1938, by petition of the accused, the district attorney also acceding, the lower court ordered the filing away of the information in the case for attempted homicide because more than 120 days had passed since it was filed and the trial had not been held. On the same date the court gave the district attorney permission to file a new information and this was done.

The case for carrying weapons was again set for May 24, 1938, and on the day before, by motion of the district attorney, the accused not appearing, the trial was continued for the reasons stated in the minutes of said date, which read as follows:

"Monday, May 23, 1938.

"The district attorney, E. Díaz Viera, appears and informs the court that this case was set to be heard together with the felony which is pending against this accused, which was ordered filed away today, and he requests that this case be continued, to be heard together with the new information which he has filed against the same accused today. The court so ordered, the case being continued in order to be heard together with the felony."

Under these circumstances, on May 22, 1939, the accused filed in each of the two aforesaid cases a motion requesting the filing away because the trial had not been held within the 120 days provided by the Code of Criminal Procedure. The district attorney acceded to the filing of the case for attempted homicide but opposed the filing away of the case for carrying weapons, alleging the stipulation of the accused that this case be heard together with that of the attempted homicide. The court ordered the filing away of the case of attempted homicide and denied the motion in the case of carrying weapons, a new information being filed by the district attorney in the case of attempted homicide.

The accused requested a rehearing of the order of the court below refusing to file away the case for carrying weapons and it was denied.

With these facts as a basis, the accused filed the petition in this case requesting the issuance of a peremptory writ of mandamus against F. Navarro Ortiz, judge of the lower court, ordering him to file away the case No. 10,226 which is being followed against the petitioner in the District Court of Mayagüez for the crime of carrying prohibited weapons.

The respondent judge has not appeared in any manner.

 In our opinion, the petition does not justify the issuance of the writ of mandamus requested by the petitioner. The accused and the district attorney stipulated that the case for carrying weapons should be held together with the case for attempted .homicide, and based on this stipulation the court suspended the trial of the case for carrying weapons which had been set originally for March 31, 1938.

Up to the date on which the petition for mandamus was filed in this Court the trial of the case for attempted homicide had not been held. Therefore, the district attorney has a right to rely on the stipulation. It is true that the information for attempted homicide was filed away twice, but it is also true that immediately afterwards it was filed again, and

from the petition it does not appear that the last time it was presented it was filed away. The informations filed after the first one are different, but the crime is the same, that of attempted homicide. If the accused, after the first information had been filed away, desired a speedy trial and wanted to prescind of the stipulation, he should have requested that the case for carrying weapons be placed on the docket, but he did not do so.

For an analogy see the opinion rendered by this Court on the 19th of July in the cases of mandamus Nos. 327, 328 and 329 filed by César Garcés against the District Court of Arecibo, Luis Mercader, Acting Judge, (ante p. 328).

As it does not appear that the petitioner has a clear right to the extraordinary remedy prayed for, the petition for mandamus should be denied and the alternate writ issued should be annulled.

Mr. Justice Travieso took no part in the decision of this case.